1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTONIO GUYTON,                          No.  2:24-cv-00922 KJM AC PS

12                  Plaintiff,

13        v.                                   ORDER

14   CITY OF STOCKTON and STOCKTON
     POLICE DEPARTMENT,
15
                    Defendants.
16

17

18        Plaintiff is proceeding in this action in pro se.  This matter was accordingly referred to the

19   undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

20   pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C.

21   § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

22                                    **I.  Screening**

23        A.    Legal Standard

24        The federal IFP statute requires federal courts to dismiss a case if the action is legally

25   "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

27   Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the

28   complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The

1  Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-
2  rules-practice-procedure/federal-rules-civil-procedure.

3       Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
4  plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
5  court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
6  to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
7  sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly.
8  Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in
9  the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
10  Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

11       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12  Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
13  court will (1) accept as true all of the factual allegations contained in the complaint, unless they
14  are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
15  plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von
16  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
17  denied, 564 U.S. 1037 (2011).

18       The court applies the same rules of construction in determining whether the complaint
19  states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
20  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
21  construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a
22  less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520
23  (1972). However, the court need not accept as true conclusory allegations, unreasonable
24  inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,
25  624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice
26  to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
27  556 U.S. 662, 678 (2009).

28  ////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### B.   The Complaint

Plaintiff's complaint is a combination of a letter addressed to the City of Stockton, signed witness statements, and a statement to the court.  In the letter, plaintiff states that Stockton police officers Magana and Chappelle violated his rights under 18 U.S.C. §242 and Penal Code 13419.4. ECF No. 1 at 1.  Plaintiff states that on March 24, 2022, he was in his car and was profiled by these offices, who ultimately pulled him over, aggressively approached his car, demanded he roll down his windows and forcibly pulled him out of the car and confiscated is phone.  ECF No. 1 at 1.  Plaintiff alleges the reason identified for the stop was that an air freshener was hanging from his rearview mirror, which the offices alleged obstructed his view.  Id.  Plaintiff further alleges that on June 8, 2022, he was unlawfully pulled over and detained once again, without any reason, and placed in handcuffs while the officers made derogatory comments.  Id. at 2.  Plaintiff seeks damages in the amount of $250,000.00.

### C.   Discussion

As drafted, the complaint fails to state a cognizable claim for relief and therefore cannot be served.  The complaint references only criminal statutes.  "Criminal proceedings, unlike private civil proceedings, are public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681, 718 (1997).  Accordingly, Title 18 of the United States Code does not establish any private right of action and cannot support a civil lawsuit.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for civil liability).

////

3

The facts of the complaint suggest that plaintiff may be able to allege civil rights claims under 42 U.S.C. § 1983.  Section 1983 "creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution." Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002).  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another person of a constitutional right "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

To allege a claim under §1983, the complaint must identify which of plaintiff's constitutional rights were allegedly violated and provide supporting facts.  For example, a claim of excessive force in the context of an arrest or investigatory stop implicates the Fourth Amendment right to be free from "unreasonable ... seizures."  U.S. Const. amend. IV; see Graham v. Connor, 490 U.S. 386, 394 (1989).  If plaintiff believes his Fourth Amendment rights were violated, he must identify this cause of action and provide supporting facts.  The complaint, as drafted, does not properly identify any civil claim.

## II.  Amending the Complaint

If plaintiff chooses to amend the complaint, the amended complaint must identify civil legal causes of action and supporting facts.  In addition, it must contain a short and plain statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their

4

1  complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor

2  (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

3       Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid

4  narrative and storytelling.  That is, the complaint should not include every detail of what

5  happened, nor recount the details of conversations (unless necessary to establish the claim), nor

6  give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should

7  contain only those facts needed to show how the defendant legally wronged the plaintiff.

8       The amended complaint must not force the court and the defendants to guess at what is

9  being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

10 (affirming dismissal of a complaint where the district court was "literally guessing as to what

11 facts support the legal claims being asserted against certain defendants").  The amended

12 complaint must not require the court to spend its time "preparing the 'short and plain statement'

13 which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not

14 require the court and defendants to prepare lengthy outlines "to determine who is being sued for

15 what." Id. at 1179.

16      Also, the amended complaint must not refer to a prior pleading to make plaintiff's

17 amended complaint complete.  An amended complaint must be complete without reference to any

18 prior pleading.  Local Rule 220.  This is because, generally, an amended complaint supersedes the

19 original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438,

20 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6

21 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).

22 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

23 of each defendant must be sufficiently alleged.

### III.  Pro Se Plaintiff's Summary

25      It is not clear that this case can proceed.  Your current complaint only lists criminal causes

26 of action, and only the government can bring criminal charges.  Your lawsuit must identify civil

27 causes of action.  Your lawsuit cannot proceed unless you fix the problems with your complaint.

28 ////

1        You are being given 30 days to submit an amended complaint that provides civil causes of

2    action.  If you submit an amended complaint, it needs to explain in simple terms what laws or

3    legal rights of yours were violated, by whom and how, and how those violations impacted you.  If

4    you are claiming a violation of your civil rights under 42 U.S.C. § 1983, your amended complaint

5    must specify which constitutional right(s) of yours was violated and how each defendant caused

6    or contributed to that violation.  Using a form federal complaint (www.uscourts.gov/forms/pro-

7    se-forms) may help you organize the necessary information.  If you do not submit an amended

8    complaint by the deadline, the undersigned will recommend that the case be dismissed.

9                                              **IV.  Conclusion**

10       Accordingly, IT IS HEREBY ORDERED that:

11   1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

12   2.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that

13       complies with the instructions given above.  If plaintiff fails to timely comply with this

14       order, the undersigned may recommend that this action be dismissed.

15   DATED: May 30, 2024

16

17                                              ALLISON CLAIRE
                                                UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28